IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS W. SPAUDE AND ANGELA M. SPAUDE, INDIVIDUALLY AND AS CO-TRUSTEES OF THE THOMAS W. SPAUDE AND ANGELA M. SPAUDE TRUST DATED JULY 9, 2003, *et al.*, | ) ) ) ) ) | CASE NO. 1:17-cv-02120<br><br>JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PHILLIPS MURRAH, P.C., | ) ) | |
| Defendant. | ) ) | |

## FINAL ORDER AND JUDGMENT

This matter was heard on April 9, 2019, before the Court, pursuant to the Agreed Entry and Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Scheduling a Settlement Approval Hearing (the "Preliminary Approval Order") entered on January 3, 2019 for the purpose of determining: (i) whether the settlement of this action, on the terms and conditions set forth in the Stipulation and Settlement Agreement between Plaintiffs and Settling Defendant Phillips Murrah, P.C., should be approved as fair, reasonable, and adequate; (ii) the amount of attorneys' fees and expenses to award counsel for Plaintiffs; and (iii) whether the Settlement Order and Final Judgment should be entered. Words in this Order shall have the same meaning as defined terms in the Agreement.

Having considered the record in this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this class action cannot be compromised without the approval of this Court, finding that Class Members have been afforded reasonable notice of the proposed settlement and an opportunity to be heard, and that the settlement

is fair, adequate, and reasonable. Having conducted the required analysis, and after consideration of all facts and circumstances, including those adduced at the hearing, the Court finds and concedes that the settlement is fair, adequate, and reasonable, and that Class Members received reasonable notice of such settlement, of their right to exclude themselves from the Settlement Class, and an opportunity to be hard.

2. For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and certifies the following Settlement Class, as defined as follows:

> all investors, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who have invested in any Quantum or Quaneco offering on or after October 5, 2005, including but not limited to the following Quantum offerings: Quaneco LLC Preferred B Units Offerings dated October 5, 2005 and November 27, 2006; Rich County Overriding Royalty Offering dated November 1, 2007; Quaneco LLC Preferred D Units Offering dated December 15, 2008; Overthrust Overriding Royalty Offering dated February 16, 2009; Crawford Thrust Offering dated April 15, 2010; the Crain 16-4 Offering dated March 1, 2012; Quantum Overriding Royalty and Development Program dated October 22, 2012; Quantum Energy Drilling Production Program dated February 1, 2011; Quantum Energy Phoenix Program dated March 2, 2015; and Niabora Leasing and Development Program dated January 8, 2014.

3. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent the interests of the Settlement Class Members.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

5. The Court hereby confirms the appointment of Plaintiffs Thomas W. Spaude and Angela M. Spaude, Individually and as Co-Trustees of the Thomas W. Spaude and Angela M. Spaude Trust dated July 9, 2003, and Dennis C. Macieski, Individually and as Trustee of the Macieski CRNA PC 401(K) as the Settlement Class Representatives. The Court confirms that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of the Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives has been and appears to be capable of continuing to be an active participant in the prosecution and settlement of this litigation; and (4) the Settlement Class Representatives and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

6. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

7. The Court has personal jurisdiction over Plaintiffs, all Members of the Settlement Class, Settling Defendant, and the Court has subject matter jurisdiction to approve the Agreement.

8. Plaintiffs and Settling Defendant have entered into the Agreement, which has been filed with the Court and is incorporated herein by reference. The Agreement provides for the settlement of this Action with Settling Defendant by the Plaintiffs as a representative of and on behalf of the Members of the Settlement Class, subject to final approval by the Court. The Agreement provides that, in exchange for the release described in the Agreement and this Settlement Order and Final Judgment, Phillips Murrah will pay $250,000 by wire transfer the Settlement Amount into an escrow account, which will be established at a bank by Class Counsel. The Settlement Amount will be allocated as set forth in the Allocation Plan.

9. Based on the evidence presented at the hearing, the Court finds that notice has been given to Class Members pursuant to and in compliance with the Preliminary Approval Order and Agreement, and that the notice and the notice methodology adopted pursuant to the Preliminary Approval Order and the Agreement was reasonable and the best notice practicable; satisfied due process requirements; and provided Class Members with fair and adequate notice of the certification of the Settlement Class and of the Final Settlement Hearing; provided adequate information concerning the hearing, the right to be excluded from the Settlement Class, the settlement, and the right of counsel for Plaintiffs to apply for an award of attorneys' fees and expenses. Accordingly, the Notice and the Claim Form are finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Agreement has been provided to Members of the Settlement Class, and the Court further finds and concludes that notice of the settlement as described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the Unites States Constitution.

10. The Court finds that the Agreement was entered into in good faith between Plaintiffs and

Settling Defendant, and is the result of good faith arm's length negotiations by the Parties thereto. In addition, the Court finds that Final Approval of the Agreement will result in substantial savings in time and resources of the Court and the Parties and will further the interests of justice, and is in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result in this Action. Further, the Court finds that the Agreement is fair, reasonable, and adequate to Members of the Settlement Class based on proceedings in this Action, discovery, due diligence, and in the absence of material objections sufficient to deny approval.

11. Therefore, the terms of the Settlement, as set forth in the Agreement, are hereby determined to be fair, reasonable, and adequate. Accordingly, the Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Settlement Order and Final Judgment.

12. The Court hereby enters final judgment approving the Settlement, as set forth in the Agreement. In accordance with the Agreement and this Settlement Order and Final Judgment, the Court hereby enters judgment fully and finally terminating all claims of Plaintiffs and the Settlement Class against Defendants, on the merits, with prejudice, and without leave to amend.

13. The Court further finds that all Class Members who have not timely and properly excluded themselves, regardless of whether such Class Members have claimed or obtained benefits under the Agreement, shall, by operation of this Settlement Order and Final Judgment, release, dismiss with prejudice, and forever discharge Phillips Murrah, P.C., Thomas Wolfe, Robert O'Bannon, Beverly Vilardofsky and Phillips Murrah's past, present, and future employees, consultants, contractors, officers, directors, executors, heirs, indemnitors, representatives, attorneys, affiliates, insurers, subsidiaries, divisions, parents, predecessors, successors, agents (whether by estoppel or

otherwise), and assigns. (collectively, "Releasees" or "Released Parties"), from any and all claims, complaints, lawsuits, rights, counts, causes of action, damages, judgments, executions, attachments, debts, liabilities, and obligations of every kind and nature, known and unknown, that they ever had, now have, or hereafter assert, in law or equity, class or individual, that were asserted or could have been asserted by Plaintiffs in this Action or *Spaude I*, for any injuries or damages relating to or arising out of the facts alleged in the Action, including but not limited to: (1) any and all claims arising out of the role of Phillips Murrah, or any of its former or current attorneys, including but not limited to Former Defendants, in the allegedly fraudulent Quantum scheme; and (2) any and all claims to attorneys' fees and/or expenses in connection with the prosecution of this Action, except for the amount set forth in and awarded pursuant to Paragraph 17 ("Released Claims"), and the Releasees shall release and forever discharge the Releasors from any and all claims, complaints, lawsuits, rights, counts, causes of action, damages, judgments, executions, attachments, debts, liabilities, and obligations of every kind and nature, known and unknown, that they ever had, now have, or hereafter asserts, in law or equity, class or individual, that were asserted or could have been asserted by Releasees in this Action or *Spaude I* for any injuries or damages relating to or arising out of the facts alleged in the Action.

14. All Members of the Settlement Class are, together with their past, present, and future employees, consultants, contractors, officers, directors, executors, heirs, indemnitors, representatives, attorneys, affiliates, insurers, subsidiaries, divisions, parents, predecessors, successors, agents (whether by estoppel or otherwise), and assigns bound by this Settlement Order and Final Judgment and all proceedings embodied by the Settlement, including the releases provided for in this Settlement Order and Final Judgment.

15. All Class Members who have not timely and properly excluded themselves from the

Settlement Class are permanently enjoined, in either an individual or representative capacity, from (a) filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as Class Members or in an individual capacity, or seeking to certify a class in, or organizing investors in the specified Quantum and/or Quaneco investments into a separate class of persons, as a purported class action (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (b) organizing Members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for the purposes as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (c) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims; and (d) receiving any benefit or other relief from any other lawsuit or administrative, regulatory, arbitration or other proceeding or order in any jurisdiction, based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims.

16. The Court finds that Plaintiffs and counsel for Plaintiffs and the Settlement Class, Peiffer, Wolf, Carr & Kane, A.P.L.C., Rosca Law, LLC, and Shindler, Anderson, Goplerud & Weese, P.C. have fairly and adequately represented the interests of the Settlement Class.

17. The sum of $76,333.33 is hereby awarded as the entire attorneys' fees and reimbursement to Class Counsel for costs and expenditures in this Action, including all fees and legal services, all

costs, all disbursements, all out-of-pocket expenses and all other expenditures. This sum shall be paid from the Settlement Fund to Class Counsel representing Plaintiffs and the Settlement Class pursuant to the terms and conditions and at the time set forth in the Agreement. Settling Defendant shall not be responsible for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court. The hourly rates set forth in the Declarations of Attorneys Floyd, Goplerud, and Rosca are deemed to be reasonable for the attorneys listed therein.

18. The sum of $3,500 is hereby collectively awarded to Plaintiffs Thomas W. Spaude and Angela M. Spaude, Individually and as Co-Trustees of the Thomas W. Spaude and Angela M. Spaude Trust dated July 9, 2003, and the sum of $3,500 is hereby collectively awarded to Dennis C. Macieski, Individually and as Trustee of the Macieski CRNA PC 401(K) for their service as the Settlement Class Representatives. The sum of these two awards shall be paid from the Settlement Fund to the settlement Class Representatives.

19. The Parties are directed to consummate the Agreement in accordance with its terms. Settling Defendant shall pay the costs of administration of the Settlement, in accordance with the terms and conditions set forth in the Agreement.

20. Disbursements of the Settlement Funds to eligible Class Members who timely submit proper Claim forms shall be made by Heffler in the manner, within the time periods, and under the terms and conditions provided in the Agreement and Allocation Plan.

21. Heffler shall discharge all aspects of notice and other settlement administration in accordance with the Agreement.

22. Neither this Settlement Order and Final Judgment, the Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an

admission of any act or omission by Phillips Murrah, or any other Released Party, or be offered or received into evidence as an admission, concession, presumption, or inference of any wrongdoing by Phillips Murrah or any other Released Party, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Agreement.

23. The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Settlement Order and Final Judgment and do not limit the rights of the Class Members.

24. Without affecting the finality of this Order, the Court retains jurisdiction over this Settlement to the extent necessary to implement, enforce, and administer the Agreement and this Settlement Order and Final Judgement. Upon written report of the settlement administrator, Heffler that all distributions have been made pursuant to the Agreement, the Court will dismiss this Action with prejudice and without costs or attorneys' fees (except such costs and fees are awarded herein) as to all claims that were asserted or could have been asserted by Plaintiffs and/or the Settlement Class. Notwithstanding the foregoing, the Order constitutes a final and complete adjudication of the claims of the Settlement Class and other matters presented herein and the Court expressly determines that there is no just reason for delay, pursuant to Rule 54(b).

Date: April 9, 2019

Donald C. Nugent, Judge